[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] Defendant-appellant's name also appears as Dominick Mitchem in portions of the record.
 JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant Dominic Mitchem appeals his conviction for felonious assault in violation of R.C. 2903.11(A)(2) following a jury trial. The trial court sentenced Mitchem to a prison term of eight years with credit for time served. Mitchem presents five assignments of error for our review, none of which we find to be well taken.
{¶ 3} In his first assignment of error, Mitchem argues that the trial court erred in not instructing the jury on the offense of aggravated assault. In his second assignment of error, Mitchem argues that his trial counsel was ineffective for not presenting this instruction to the trial court. Because these assignments are interrelated, we consider them together.
{¶ 4} R.C. 2903.12, the aggravated-assault statute, provides that "[n]o person while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly: (1) Cause serious physical harm to another * * *; (2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon * * *." A defendant is not entitled to an instruction on aggravated assault unless he has presented sufficient evidence to convince reasonable minds that there was serious provocation.[2]
{¶ 5} Our review of the record reveals that Mitchem never asked the trial court to instruct the jury on aggravated assault. Mitchem maintains on appeal, however, that such an instruction should have been given when the evidence at trial demonstrated that, after he had approached Washington, Washington ran away from him, obtained a gun, and then began shooting at him. Mitchem contends that Washington's actions were reasonably sufficient to provoke him into using deadly force. We disagree.
{¶ 6} There is ample evidence that Mitchem himself provoked the gun battle. The state presented evidence that Mitchem took Washington's money and was later driving around looking for him. When Mitchem found Washington, Washington testified, Mitchem yelled at him, jumped out of his car, and chased him down the street while shooting at him. Given these facts, we cannot say the trial court erred in failing to give an aggravated-assault instruction. Furthermore, because the evidence did not support an instruction on aggravated assault, we cannot say that defense counsel was ineffective in failing to request the instruction. As a result, we overrule the first and second assignments of error.
{¶ 7} In his third assignment of error, Mitchem challenges the weight and sufficiency of the evidence. In reviewing the sufficiency of the evidence, this court must determine, after viewing the evidence in the light most favorable to the state whether a rational trier of fact could have found the essential elements of the offense to have been proved beyond a reasonable doubt.[3] In regard to the manifest weight of the evidence, this court must review all of the evidence and determine if the trier of fact lost its way and created a manifest miscarriage of justice.[4]
{¶ 8} In viewing the evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could have found that the state had proved the elements of felonious assault beyond a reasonable doubt. During the trial, the state presented evidence that Mitchem held a gun to Larry Washington's back and took several items from him around 5 p.m. on July 20, 2001. Later that same night, Mitchem drove around looking for Washington. When Mitchem found Washington, he told him not to run because he wanted to talk to him. Washington testified that he saw Mitchem holding a gun, so he ran. Washington then obtained a gun from his cousin, who was nearby. Washington testified that he heard a shot while he was running and started shooting back. Both Mitchem and Washington fired more shots, and a gun battle ensued in the street. A two- year-old child was seriously wounded when he was hit by a stray shot from Mitchem's gun. On the basis of this evidence, we further hold that the jury, as the trier of fact, did not lose its way and create such a manifest miscarriage of justice that we must reverse Mitchem's conviction and order a new trial. Consequently, we overrule the third assignment of error.
{¶ 9} In his fourth assignment of error, Mitchem argues that because the jury found him not guilty of inducing panic, his conviction for felonious assault was inconsistent and must be set aside. We disagree.
{¶ 10} This court has held that inconsistent verdicts do not provide the basis for reversal if the conviction is supported, as here, by the manifest weight of the evidence.[5] Because Mitchem's conviction for felonious assault was supported by the manifest weight of the evidence, we overrule the fourth assignment of error.
{¶ 11} In his fifth assignment of error, Mitchem contends that the sentences under R.C. 2903.11 and 2903.02 are inconsistent and violate his constitutional rights.
{¶ 12} Mitchem was convicted of felonious assault, which is a second-degree felony under R.C. 2903.11(D). Attempted felonious assault is a third-degree felony under R.C. 2903.02. Mitchem argues that because Washington was never physically injured, he should have been indicted and sentenced for attempted felonious assault. We disagree.
{¶ 13} Mitchem was sentenced appropriately under R.C. 2903.11(A)(G). Because Mitchem was not indicted for attempted felonious assault, and because he was properly indicted and convicted of felonious assault, we cannot say that his sentence of eight years was inconsistent. As a result, we overrule the fifth assignment of error and affirm the judgment of the trial court.
{¶ 14} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Gorman and Sundermann, JJ.
[2] State v. McGrananhan (June 7, 1995), 1st Dist. No. C-940374.
[3] State v. Waddy (1992), 63 Ohio St.3d 424, 588 N.E.2d 819.
[4] State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541.
[5] State v. Parker (Apr. 26, 1995), 1st Dist. No. C-940097.